# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | |
|---|---|
| **PETER PAUL PERKINS and PAMELA PERKINS** | **PLAINTIFFS** |
| V. | **CASE NO. 1:04CV220** |
| **CENTURY SURETY COMPANY** | **INTERVENOR-PLAINTIFF** |
| V. | |
| **MARK LIFT INDUSTRIES, INC. et al** | **DEFENDANTS** |

## MEMORANDUM OPINION

This cause comes before the Court on two pending motions: (1) a motion for summary judgment [90-1] filed by intervenor-plaintiff Century Surety Company seeking a declaration that it is not obligated to pay for any claims made against defendant Angus Davis Industries, Inc. ("ADI") in the above-styled case, and (2) a motion to dismiss [96-1] filed by ADI itself. The Court has reviewed the briefs and exhibits and is prepared to rule.

The plaintiffs are Peter Paul Perkins, a resident of Pickens County, Alabama, and his wife Pamela. On June 24, 2002, Mr. Perkins was injured when the boom and bucket of the Model CH 100C 4x4 lift truck which he was operating suddenly dropped to the ground. The defendants include a number of corporate entities connected in some way with the manufacture, sale or repair of the lift truck and/or the boom and bucket. In the instant motion, the only defendant who seeks dismissal is ADI, which, according to the amended complaint, "refurbished, repaired, distributed, and/or sold" the truck, which "was in a defective condition at the time it left control of Defendant ADI, Inc." On March 14, 2005, Century Surety Company ("Century"), ADI's insurer, moved to intervene, alleging that it was not ADI's insurer during the period of time in which the truck was under ADI's control.

**ANALYSIS**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. Anderson v. Liberty Lobby, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. Reeves, 120 S.Ct. at 2110.

I.   ADI'S MOTION TO DISMISS.

The Court will address ADI's motion first, since Century's liability is contingent on that of ADI. ADI seeks dismissal pursuant to recent changes in Mississippi products liability law encapsulated in Miss. Code Ann. § 11-1-64.[1] This state states in relevant part that "[a] defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a products liability claim" without prejudice. Miss. Code Ann. § 11-1-64(1). In their response, the plaintiffs argue that the plain language of the statute excludes ADI because ADI was not solely a seller in the stream of commerce. Rather, ADI was actively responsible for inspecting, refurbishing

---

[1]Section 11-1-64 was repealed in 2004 by the Mississippi legislature. However, the plaintiffs concede that it is controlling in the instant case.

and repairing the lift truck before placing it back in the stream of commerce. Specifically, ADI allegedly purchased the lift truck second hand and then, after refurbishing it, sold it to the party which owned it at the time of the accident. At the very least, ADI admits that it made some repairs to the lift truck, although it denies making any repairs to the mechanisms which controlled the boom lift or which could have resulted in Mr. Perkins' accident.

However, upon review of the record, the Court cannot agree with ADI's position. The Court is not qualified to render any opinion on what duty of care ADI owed to parties who would later operate equipment that it refurbished and resold. Indeed, the Court knows little to nothing about the mechanisms which allowed the boom lift to function. Such questions represent factual issues best resolved by a jury after having the opportunity to hear from expert witnesses. Accordingly, the Court accepts for summary judgment purposes that ADI is not solely "a seller in the stream of commerce" entitled to dismissal without prejudice. Accepting the disputed issues of fact in the light most favorable to the nonmovant, the Court finds that the motion to dismiss pursuant to Miss. Code Ann. § 11-1-64 should be DENIED.

II. CENTURY'S MOTION FOR SUMMARY JUDGMENT.

The basis of Century's motion is specific and limited to an argument that its policy with ADI does not cover the time period in which ADI possessed the allegedly defective truck. The policy has an effective date of February 26, 2002, through February 26, 2003. It also contains an endorsement which excludes "past liabilities" which, according to Century, limits coverage to claims arising out of products manufactured and sold and/or "completed operations" completed on or after the inception date of the policy (i.e. February 26, 2002). According to Century, the lift truck was ordered and delivered prior to February 26, 2002, and the invoice, purchase order and shipment

3

invoice all predate the effective date of the policy. As ADI notes, however, nothing in the invoices or purchase order indicate the date on which the truck was delivered. Furthermore, the affidavit of Angus Davis, the owner of ADI, states that no sale by ADI is considered final until 30 days after receipt of the subject equipment. Century has not filed a reply answering these arguments, and at a minimum, there are disputed issues of fact which preclude summary judgment on this point, including but not limited to: (1) exactly when the defective truck was delivered to its purchaser and (2) whether ADI's policy of not considering a sale final for 30 days brings the sale of the defective truck into the coverage period. Accordingly, the motion is denied.

## **CONCLUSION**

Based on the foregoing analysis, ADI's motion to dismiss and Century's motion for summary judgment are both DENIED. A separate order to that effect shall issue this day.

This is the 24th day of January, 2006.

                                              **/s/ Michael P. Mills**
                                          **UNITED STATES DISTRICT JUDGE**