# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**PETER PAUL PERKINS and PAMELA PERKINS**  PLAINTIFFS

**V.**  CASE NO. 1:04CV220

**CENTURY SURETY COMPANY**  INTERVENOR-PLAINTIFF

**V.**

**MARK LIFT INDUSTRIES, INC. et al**  DEFENDANTS

## MEMORANDUM OPINION

This cause comes before the Court on the motion of defendant American Crane, Rigging & Sling Consultants ("American Crane") to dismiss for lack of personal jurisdiction or in the alternative motion for summary judgment [138-1]. The Court has reviewed the brief and exhibits presented by the defendant. The plaintiffs have not filed any response to the instant motion, and the time for filing such a response passed almost four months ago. Accordingly, the Court will rule on the motion without benefit of a responsive brief.

The plaintiffs are Peter Paul Perkins, a resident of Pickens County, Alabama, and his wife Pamela. On June 24, 2002, Mr. Perkins was injured when the boom and bucket of the Model CH 100C 4x4 lift truck which he was operating suddenly dropped to the ground. The defendants include a number of corporate entities connected in some way with the manufacture, sale or repair of the lift truck and/or the boom and bucket. In the instant motion, the only defendant who seeks dismissal is American Crane, a Texas Corporation, which, according to the amended complaint, "undertook to provide inspection, repair, monitoring, consulting and/or other services with regard to" the truck, and that American Crane "breached [its] duty to properly inspect, repair, monitor, or consult with regard

to " the truck. The complaint alleges that American Crane's alleged failure to properly inspect, repair or monitor the truck was a proximate cause of the injuries suffered by Mr. Perkins.

American Crane now moves to dismiss for lack of personal jurisdiction or, in the alternative, for summary judgment. Finding the personal jurisdiction arguments dispositive, the Court grants American Crane's motion to dismiss.

## ANALYSIS

Federal court sitting in diversity may exercise personal jurisdiction over a non-resident where the long-arm statute of the forum state grants jurisdiction and where the exercise of jurisdiction is consistent with federal due process. Delgado v. Reef Resort Ltd., 364 F.3d 642, 644 (5th Cir. 2004). When a defendant challenges the exercise of personal jurisdiction, the plaintiff bears the burden of proving that personal jurisdiction exists, although all relevant factual disputes will be resolved in plaintiffs' favor. Fielding v. Hubert Burda Media, Inc., 415 F.3d 419, 423 (5th Cir. 2005). Mississippi's long-arm statute states in relevant part:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the Constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann. § 13-3-57.

American Crane avers (1) that it was not party to any contract performed in whole or in part in Mississippi, (2) that it committed no tort in whole or in part in Mississippi, as its inspection of the truck took place in Texas, almost two years

2

before the accident when the truck was owned by a Texas company, (3) that American Crane had no contact with the plaintiff or his employer, and (4) that American Crane had no connection to the construction job that Perkins was working when he was injured. Also, American Crane points out that because the plaintiffs are non-residents of Mississippi, they are precluded from establishing jurisdiction over American Crane pursuant to the "doing business" prong of the long arm statute. Smith v. DeWalt Prods. Corp., 743 F.2d 277, 279 (5th Cir. 1984).

The Court agrees with American Crane's analysis. Under Fifth Circuit precedent pertaining to the Mississippi long arm statute, non-residents such as the plaintiffs may not take advantage of either the "contract" portion of the statute or the "doing business" portion of it. Submersible Systems, Inc. v. Perforadora Central, S.A., 249 F.3d 415, 418 (5th Cir. 2001). To the extent that American Crane committed any tortious acts with regard to Mr. Perkins and the defective truck, such acts occurred in Texas, preventing the non-resident plaintiffs from taking advantage of the "tort" portion of the statute. As Mississippi's long arm statute does not confer with this Court personal jurisdiction over American Crane, the Court concludes that the motion to dismiss is well-taken and should be GRANTED. A separate order to that effect shall issue this day.

This is the 24th day of January, 2006.

                                 **/s/ Michael P. Mills**
                                 **UNITED STATES DISTRICT JUDGE**